# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## Fresno Division

| | |
|---|---|
| TOM STEVE CORIC,<br><br>                    Plaintiff,<br><br>vs.<br><br>COUNTY OF FRESNO,<br><br>                    Defendant. | Civil No. 1:08cv1225 JTM (BLM)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**<br><br>[Doc. Nos. 25 and 26] |

    On September 24, 2009, Plaintiff, previously incarcerated at Fresno County Jail and proceeding *pro se* and *in forma pauperis*, filed an amended civil rights Complaint pursuant to 42 U.S.C. § 1983. [Doc. No. 23.] Plaintiff alleges insufficient funding for jail personnel by the County led to a lack of supervision resulting in two attacks on him by fellow detainees. Pending before the Court is Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12 (b)(6), filed on October 13, 2009. [Doc. Nos. 25 and 26.]

    Plaintiff has not filed an opposition or a statement of no opposition within the allotted time period. Thus, the Court considers this matter submitted on the papers without oral argument.

/ / /

I.      **Standard of Review pursuant to FED.R.CIV.P. 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b) (6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [citation omitted]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

Dismissal also can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Iqbal,* 556 U.S. __, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 (on motion to dismiss court is "not bound to accept as true a legal conclusion couched as a factual allegation."). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at __, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then decide whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at __, 129 S.Ct. at 1950.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* at 1949. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*; *Twombly,* 550 U.S. at 570 (when a plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed.").

## II.   Discussion

Plaintiff asserts he was severely beaten at Fresno County Jail by fellow detainees while there were no members of staff present. [Doc. No. 23 at 3.] Plaintiff attributes the lack of on-duty detention officers to an ongoing policy or custom of the County of Fresno to inadequately fund the jail. [*Id.*] Plaintiff further states the County ignored warnings from Fresno County Sheriff Mims about over crowding and under staffing. [*Id.* at 2.] He states the severity of his injuries is well documented in official health records and internal Sheriff's Department crime reports. [*Id.*]

Plaintiff asserts municipal liability under "Monell." [Doc. No. at 3.] In *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), the United States Supreme Court held that a local governmental entity may be sued under section 1983 if four conditions are alleged: (1) the plaintiff "possessed a constitutional right of which he was deprived;" (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the "moving force" behind or cause of the constitutional violation. *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996)). Liability may be based on a local government's deliberate acts or omissions. *Conn v. City of Reno*, No. 07-15572, 2010 WL 48649, at *11, (9th Cir. Jan. 8, 2010). The liability of municipalities does not depend on the liability of individual officers, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury, that the government as an entity is responsible under section 1983." *Monell*, 436 U.S. at 694.

(1) Constitutional Right

Although pretrial detainees, such as Plaintiff, are protected under the Due Process Clause of the Fourteenth Amendment, courts have borrowed Eighth Amendment jurisprudence to analyze the extent of such protection. *Conn*, No. 07-15572, 2010 WL 48649, at *11. Under the Eighth Amendment

prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), *citing Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (CA1 1988).  Defendant does not dispute that Plaintiff was beaten at the hands of fellow detainees or that Plaintiff had a constitutional right to be protected against the beating. [Doc. No. 26 at 6.] Defendant argues Plaintiff has failed to allege sufficient facts under *Monell* that would connect the beatings to a governmental policy of under funding resulting in a constitutional violation. [*Id*. at 7.]

        (2) Municipal Policy

"A policy can be one of action or inaction." *Long v. City of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). As long as a municipality makes a "conscious" choice to act or not act, it will be subject to section 1983 liability. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Plaintiff alleges that despite Sheriff Mims' "warning" to county officials of the over crowding and under staffing in the jail, the County continued to inadequately fund the jail, even after Plaintiff was beaten in the absence of sufficient supervision. [Doc. No. 23 at 2.] Construing this factual allegation as true and in the light most favorable to Plaintiff, the Court finds it is possible to draw an inference that the County acted consciously in its budget decisions regarding funding to the jail.

        (3) Deliberate Indifference

Deliberate indifference to a plaintiff's constitutional right by a municipality may be established where violation of federal rights was a highly predictable consequence of the alleged omission of duty. *Long*, 442 F.3d at 1186. In *Farmer*, the Supreme Court specified that deliberate indifference involved more than a mere awareness of facts from which an inference of the particular risk may be drawn, officials must have actually drawn that inference. *Farmer*, 511 U.S. 825 at 837.

Plaintiff alleges, "the County of Fresno were [sic] well aware that they were under staffed[] for the amount of inmates housed in Fresno County Jail" and "ignored the risk of injuries (in this case serious) as a result of *being under staff* [sic]." [Doc. No. 23 at 1.] Plaintiff further states, among other things, "the Sheriffs dept. had clearly informed the County that the over-crowding and under staffing was a real issue." [*Id*. at 2.]

Again, if the Court assumes the factual content of Plaintiff's Complaint to be true, the information about under staffing and over crowding that was given to County officials by Sheriff Mims, and the attack on Plaintiff itself (documented in letters and medical reports), provide a plausible claim

that both the Sheriff and County knew, or that it was obvious, that over crowding and under staffing would eventually lead to a violation of detainees' constitutional right to protection.

          (4) Causation

There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Canton*, 489 U.S. at 385.  According to Plaintiff, had there been sufficient numbers of officers on duty at the time he was attacked, the attacks would not have happened, nor would the perpetrators have had the time and opportunity to drag him back to the scene for a second beating when he attempted to leave for help.  Plaintiff asserts "there wasn't *any* staff watching out for inmates safety during the time Plaintiff was [] beaten!  Plaintiff wasn't beaten once (1), but *twice* (2), Plaintiff dragged back to a second beating for attempting to leave and find *someone* to *Help* him.  A period of time passed for both attacks to happen." [Doc. No. 23 at 3.]  Taken as true, and construed in the light most favorable to the Plaintiff, these facts lead to a reasonable inference that inadequate funding for sufficient staff presence led to the attack on Plaintiff.

Having assessed the four conditions that need to be alleged under *Monell,* the Court finds Plaintiff's Complaint contains sufficient factual matter, accepted as true, that allows the Court to draw a reasonable inference of liability on the part of Defendant.  *Iqbal*, 556 U.S. ---, 129 S.Ct. at 1949 (2009).

**III.  CONCLUSION AND ORDER**

The Court hereby **DENIES** Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) [doc. nos. 25 & 26].

Defendant shall file an Answer within 14 days from the date this Order is stamped "Filed" pursuant to FED.R.CIV.P. 12(a)(4)(A).

**IT IS SO ORDERED**.

DATED:  January 25, 2010

                                              Hon. Jeffrey T. Miller
                                              United States District Judge

cc:       Honorable Magistrate Judge Barbara L. Major
           All parties and counsel of record